IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., *et al.*,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| POINT BLANK SOLUTIONS INC., | ) | Adv. Proc. No. 10-_____ (PJW) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY R. BROOKS INDIVIDUAL | ) | |
| RETIREMENT ACCOUNT; JEFFREY R. | ) | |
| BROOKS, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR (I) PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, (II) DECLARATORY RELIEF EXTENDING THE AUTOMATIC STAY AND (III) DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

Point Blank Solutions Inc. ("Point Blank"), a debtor and debtor in possession in the

above-captioned chapter 11 cases, hereby brings suit against Defendants Jeffrey R. Brooks

Individual Retirement Account ("Brooks Retirement Account") and Jeffrey R. Brooks

("Brooks") for: (i) preliminary and permanent injunctive relief under 11 U.S.C. § 105(a), Fed. R.

Bankr. P. 7001(7) and Fed. R. Bankr. P. 7065; (ii) declaratory relief extending the automatic stay

---

[1] Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and their respective addresses, are: Point Blank Solutions Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

under 11 U.S.C. § 362(a), 28 U.S.C. § 2201 and Fed. R. Bankr. P. 7001(9); and (iii) compensatory and punitive damages for Defendants' willful violation of the automatic stay under 11 U.S.C. § 105(a) and 11 U.S.C. § 362(k).

## Preliminary Statement

1.      Point Blank seeks to enjoin and stay a lawsuit that Defendants filed in New York state court (the "State Court Action") against James R. Henderson, Point Blank's current Chief Executive Officer and current Chairman of Point Blank's Board of Directors.[2] In the State Court Action, Defendants – one of whom is the brother of convicted felon David H. Brooks, Point Blank's former Chief Executive Officer and former Chairman of Point Blank's Board of Directors – seek compensatory and punitive damages of not less than $7,000,000 based on allegations that Mr. Henderson breached his fiduciary duties to Point Blank and its shareholders. As discussed below, the State Court Action is barred by the automatic stay pursuant to 11 U.S.C. §§ 362(a)(1) and (3), and an injunction of the State Court Action is warranted under 11 U.S.C. § 105(a). Point Blank also is entitled to compensatory and punitive damages for Defendants' willful violation of the automatic stay pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 362(k).

2.      Although Point Blank is not named as a defendant in the State Court Action, the automatic stay extends to the State Court Action under 11 U.S.C. § 362(a)(1) because (a) Point Blank is the real party defendant in the State Court Action, (b) an "identity of interest" exists between Point Blank and Mr. Henderson and (c) stay protection is essential to Point Blank's

---

[2] A copy of the complaint filed in the State Court Action (the "State Court Complaint") is attached hereto as Exhibit 1. Defendant Brooks Retirement Account is the only plaintiff named in the caption of the State Court Complaint, but the State Court Complaint also identifies Defendant Brooks as a plaintiff. *See* State Court Complaint ¶ 16 (identifying the "Plaintiff" as the brother of David H. Brooks).

reorganization efforts. Permitting the State Court Action to proceed would directly affect Point Blank, its assets and its reorganization efforts, and would allow Defendants to complete an "end around" the protections afforded to Point Blank under 11 U.S.C. § 362(a)(1).

        a.      Point Blank is the real party defendant in the State Court Action because a judgment against Mr. Henderson would in effect be a judgment against Point Blank. The State Court Action challenges the decision to de-register Point Blank as a public company, a decision that was authorized by this Court in connection with Point Blank's settlement with the Securities and Exchange Commission (the "SEC"). Defendants also challenge Point Blank's proposed plan of reorganization, alleging that Point Blank's failure since 2009 to make certain SEC filings and subsequent de-registration are "part of an ongoing plan to leave [Point Blank] with no alternative but to accept a proposed 'going private' acquisition" of Point Blank. State Court Complaint ¶¶ 1-2, 4, 28-29. The State Court Action thus seeks a "do-over" of this Court's authorization of the SEC settlement and is, in essence, an objection to Point Blank's proposed plan of reorganization that should be raised in this Court during the plan confirmation process.

        b.      The automatic stay under 11 U.S.C. § 362(a)(1) also extends to the State Court Action because an "identity of interest" exists between Point Blank and Mr. Henderson, such that prosecution of the State Court Action will directly affect Point Blank, its assets and its ability to pursue a successful plan of reorganization. An "identity of interest" exists between Point Blank and Mr. Henderson for the following reasons:

            (i)    The State Court Action challenges actions taken by Mr. Henderson in his capacity as an officer and director of Point Blank. As a result, Point

-3-

Blank will be exposed to significant collateral estoppel risks unless Point Blank vigorously monitors and intervenes where necessary in the State Court Action to ensure that its rights are preserved. Continued prosecution of the State Court Action thus will require Point Blank to do precisely what the automatic stay is intended to excuse it from doing.

(ii) Mr. Henderson has indemnification and advancement rights against Point Blank pursuant to Point Blank's certificate of incorporation and Point Blank's bylaws, which may be implicated in the State Court Action. Even if Point Blank's directors and officers ("D&O") liability insurance policies provide coverage for Mr. Henderson in the State Court Action, such coverage may be subject to a $500,000 retention. Thus, Point Blank's indemnification and advancement obligations to Mr. Henderson in connection with the State Court Action would be a drain on Point Blank's already limited resources.

c. Extension of the automatic stay to the State Court Action also is essential to Point Blank's reorganization. Mr. Henderson plays a pivotal role in the operation and management of Point Blank's business, and is heavily involved in Point Blank's bankruptcy case. Prosecution of the State Court Action would burden Mr. Henderson and therefore would detract from his ability to assist Point Blank in its pursuit of a successful reorganization. A distraction for Mr. Henderson would be particularly harmful to Point Blank at this stage of Point Blank's bankruptcy proceedings, because

-4-

Mr. Henderson is essential to Point Blank's current efforts to develop an amended plan of reorganization and to obtain exit financing to support the plan.

3.     The State Court Action also is barred by the automatic stay of 11 U.S.C. § 362(a)(3) because it is an attempt to exercise control over property of Point Blank's estate. Defendants allege that Mr. Henderson breached his fiduciary duties to Point Blank and its shareholders by, among other things, failing to cause Point Blank to make certain public filings. *See, e.g.*, State Court Complaint ¶ 1. The claims asserted in the State Court Action are derivative claims that are property of Point Blank's bankruptcy estate. Permitting the State Court Action to proceed would violate the automatic stay by allowing Defendants to improperly prosecute claims that belong to Point Blank and that Defendants have no standing to pursue.

4.     Even if the automatic stay did not bar the State Court Action against Mr. Henderson (which it does), injunctive relief pursuant to 11 U.S.C. § 105(a) is warranted in this case because continued prosecution of the State Court Action would pose a serious threat to Point Blank's reorganization efforts. In particular, Point Blank and its bankruptcy estate will suffer irreparable harm if the State Court Action is not enjoined because:

a.     In the State Court Action, Defendants assert a claim for breach of fiduciary duty that depends in part upon the decision to de-register Point Blank in connection with Point Blank's Court-approved settlement with the SEC. Thus, Defendants seek relief in the State Court Action – namely, a judgment that the decision to de-register Point Blank constituted a breach of Mr. Henderson's fiduciary duty to Point Blank and its shareholders – that would directly conflict with this Court's order authorizing de-registration.

-5-

b.    By the State Court Complaint, Defendants essentially seek a judgment from the New York state court that Point Blank's proposed plan of reorganization cannot be confirmed. Defendants' objections to Point Blank's proposed plan, however, can and should be asserted in this Court in connection with the plan confirmation process. In fact, the plan confirmation process in this Court – not the State Court Action – is the only appropriate time and forum for Defendants to assert their objections to the proposed plan. Permitting the State Court Action to proceed will allow Defendants to circumvent the plan confirmation process and will impede Point Blank's reorganization efforts.

c.    Unless the State Court Action against Mr. Henderson is enjoined, Point Blank's ability to pursue a successful reorganization will be impaired because, as discussed above, the State Court Action will burden Mr. Henderson and therefore detract from his ability to assist Point Blank in its current efforts to develop an amended plan of reorganization and to obtain exit financing to support the plan.

d.    Point Blank will be forced to analyze, investigate and potentially litigate the State Court Action in order to protect its interests in the derivative claims. Moreover, because Defendants allege that Mr. Henderson acted in his capacity as a director and officer of Point Blank, Point Blank will be exposed to significant collateral estoppel risks if Point Blank does not vigorously monitor and intervene where necessary in the State Court Action. The allocation of Point Blank's resources – including the time and attention of Point Blank's key personnel (including Mr. Henderson) and Point Blank's bankruptcy counsel – to the State Court Action would deplete Point Blank's already limited resources and would impair Point Blank's reorganization efforts.

-6-

e.     As discussed above, Point Blank's indemnification and advancement

obligations to Mr. Henderson in connection with the State Court Action would be a drain

on Point Blank's already limited resources and thus a further impediment to Point

Blank's reorganization efforts.

5.     Finally, Point Blank is entitled to compensatory and punitive damages because,

by filing the State Court Complaint, Defendants have intentionally violated the automatic stay.

As discussed above, the State Court Action is, in effect, an action against Point Blank in

violation of 11 U.S.C. § 362(a)(1) because Point Blank is the real party defendant in the State

Court Action. The State Court Action also violates 11 U.S.C. § 362(a)(3) because Defendants

are attempting to prosecute derivative claims that, to the extent such claims may be stated,

belong to Point Blank's bankruptcy estate. Defendants filed the State Court Action with full

knowledge of Point Blank's bankruptcy case and, in fact, the State Court Action is an attempt to

circumvent Point Blank's bankruptcy proceedings (including the SEC settlement and the plan

confirmation process). By naming Mr. Henderson as a defendant rather than Point Blank, and by

attempting to recast the derivative claims as direct claims against Mr. Henderson, Defendants

have willfully violated the automatic stay. Point Blank thus is entitled to compensatory damages

(including, at a minimum, Point Blank's fees and expenses incurred in preparing and prosecuting

this action and defending the State Court Action) and punitive damages.

6.     For the reasons set forth herein, Point Blank requests entry of a declaratory

judgment that (a) the claims asserted in the State Court Action are derivative claims that are

property of Point Blank's estate and (b) the State Court Action is stayed in its entirety pursuant

to 11 U.S.C. § 362(a). In addition, Point Blank seeks preliminary and permanent injunctive

-7-

relief enjoining further prosecution of the State Court Action pursuant to 11 U.S.C. § 105(a). Finally, Point Blank seeks compensatory and punitive damages for Defendants' willful violation of the automatic stay pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 362(k).

## Jurisdiction and Venue

7.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and § 1334(b).  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

9.      This adversary proceeding is commenced pursuant to Rules 7001(7), 7001(9) and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") and 28 U.S.C. § 2201.

## The Parties

10.      Plaintiff Point Blank, a Delaware corporation, is a debtor and debtor in possession in the above-captioned chapter 11 cases.

11.      Upon information and belief, Defendant Brooks is an individual residing in New York, New York and is the beneficiary of Defendant Brooks Retirement Account.

## Factual Background

### I.      The Bankruptcy Proceedings

12.      On April 14, 2010 (the "Petition Date"), Point Blank and its affiliated debtors and debtors in possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Point Blank continues in the possession of its properties, and is

operating and managing its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13.     On January 11, 2011, Debtors filed their proposed *Joint Chapter 11 Plan of Reorganization* [Bankr. D.I. 1006] (the "Plan") and their *Disclosure Statement Describing Joint Chapter 11 Plan of Reorganization* [Bankr. D.I. 1007] (the "Disclosure Statement"). Debtors currently are in the process of preparing an amended Disclosure Statement. A hearing on the Disclosure Statement is scheduled for April 21, 2011. Debtors also are in the process of amending the Plan, with a confirmation hearing scheduled for June 1, 2011.

14.     On February 24, 2011, Debtors filed *Debtors' Motion for: (I) Approval of a Consent Agreement with the Securities and Exchange Commission; (II) Limited Relief from the Automatic Stay; and (III) Authority to De-Register as a Public Company* [Bankr. D.I. 1140] (the "SEC Motion"). In the SEC Motion, Debtors sought approval from this Court of a consent agreement (the "Consent Agreement") between Point Blank and the SEC that would resolve certain causes of action the SEC intended to assert against Point Blank. As set forth in the SEC Motion, approval of the Consent Agreement was in the best interests of Debtors and their estates because (a) the SEC agreed to not seek any civil damages and penalties against Point Blank, (b) resolution of the SEC matter was important to the success of Point Blank's governmental contracting business and (c) approval of the Consent Agreement would save Point Blank and its creditors the significant fees and expenses that would arise from defending the SEC matter.

15.     In the SEC Motion, Debtors also sought authority to de-register Point Blank as a public company under federal securities laws. As explained in the SEC Motion, the Consent Agreement with the SEC required Point Blank to file all financial disclosures that are required of

-9-

a registered public company. Point Blank was not current on its filings as of the Petition Date, and did not intend to file public disclosures prior to approval of the Consent Agreement. Moreover, Point Blank could not satisfy its filing requirements absent significant time and expense, which Point Blank estimated would exceed $1,000,000. Therefore, Point Blank sought authority to de-register in connection with approval of the Consent Agreement so that Point Blank would not violate the Consent Agreement upon its approval.

16. On March 29, 2011, the Court entered an *Order Granting Debtors' Motion for: (I) Approval of a Consent Agreement with the Securities and Exchange Commission; (II) Limited Relief from the Automatic Stay; and (III) Authority to De-Register as a Public Company* [Bankr. D.I. 1259] (the "SEC Order"). The SEC Order expressly authorized Point Blank to de-register as a public company as set forth in the SEC Motion.

## II.   Mr. Henderson's Role In The Bankruptcy Proceedings

17. Mr. Henderson has been Debtors' Chief Executive Officer since April 2009, and has been Chairman of Debtor's Board of Directors since August 2008. Mr. Henderson occupies a critical role in the operation and management of Debtors' businesses, and is heavily involved in all aspects of Debtors' complex bankruptcy cases. Among other things, Mr. Henderson:

- Leads the development and execution of business strategy, and develops strategic relationships to lower cost structure or enhance product offerings;

- Is the primary contact for critical customer and supplier relationships, actively pursues new business opportunities and relationships, and ensures that these critical relationships remain intact throughout the bankruptcy proceedings;

-10-

- Is the executive leader of all of Debtors' operations, including two manufacturing sites and almost 1000 employees;

- Coordinates the activities of Debtors' management staff through weekly meetings and frequent ad hoc interactions; and

- Develops the key assumptions and reviews the detailed financial projections and budgets across all of Debtors' business.

18. Mr. Henderson's undivided attention is crucial to Debtors' reorganization efforts. In particular, Mr. Henderson performs essential functions in connection with:

- Development of the Plan (including current efforts to amend the Plan) and all associated business elements (such as financial projections, liquidation analyses and assumption/rejection of contracts);

- Debtors' efforts to obtain exit financing to support the Plan;

- Cash management and the development of 13 week cash flow forecasts; and

- Resolution of outstanding "legacy" issues including governmental investigations, tax claims and litigation.

19. Mr. Henderson has indemnification and advancement rights against Point Blank pursuant to Point Blank's certificate of incorporation (the "Certificate of Incorporation") and Point Blank's bylaws (the "Bylaws"), which may be implicated in the State Court Action.[3] *See, e.g.*, Certificate of Incorporation, Article Ninth (mandatory indemnification "to the fullest extent

---

[3] A copy of the Certificate of Incorporation is attached hereto as Exhibit 2, and a copy of the Bylaws is attached hereto as Exhibit 3. The corporate name listed on the Certificate of Incorporation is DHB Capital Group Inc. and the corporate name listed on the Bylaws is DHB Industries, Inc. Point Blank was formerly known as DHB Industries, Inc., which in turn was formerly known as DHB Capital Group, Inc.

authorized or permitted by the General Corporation Law of Delaware and any other applicable law" and advancement of expenses); Bylaws, Section 6.1 (mandatory indemnification "to the fullest extent permitted by Delaware law"); Bylaws, Section 6.3 (advancement of expenses "to the fullest extent permitted by Delaware law").

20.     Mr. Henderson also has rights under Point Blank's D&O insurance polices. Point Blank's primary D&O insurance policy (the "Primary Policy") provides up to $20,000,000 of coverage, which is available to Mr. Henderson (among other "Insured Persons") and to Point Blank (as reimbursement for Point Blank's indemnification or advancement of expenses to "Insured Persons" and in connection with certain "Securities Claims").[4]  Point Blank's coverage under the Primary Policy is subject to a $500,000 retention.  It is not clear what position Point Blank's insurer will take regarding (a) whether coverage is available in connection with the State Court Action or (b) whether any coverage available in connection with the State Court Action is subject to the $500,000 retention (given the fact that Point Blank is the real party defendant in the State Court Action because the State Court Action challenges the decisions made and actions taken by Point Blank's management in connection with the SEC settlement and proposed Plan).

**III.    The State Court Action**

21.     On March 23, 2011, Defendants commenced the State Court Action by filing the State Court Complaint with the Supreme Court of the State of New York, County of New York (the "New York State Court").  The State Court Action is captioned *Jeffrey R. Brooks Individual Retirement Account v. James R. Henderson*, Index No. 650781/2011.  The State Court Action

---

[4] A copy of the Primary Policy is attached hereto as Exhibit 4.  The Primary Policy has been extended to June 30, 2011.  Point Blank also has an excess D&O insurance policy that provides $10,000,000 of excess coverage to Mr. Henderson (among other "Insured Persons").

asserts one cause of action against Mr. Henderson for breach of fiduciary duties owed in Mr.
Henderson's capacity as a director and officer of Point Blank to Point Blank and its shareholders.
*See* State Court Complaint ¶¶ 31-40. Defendants seek compensatory damages of not less than
$2,000,000 and punitive damages of not less than $5,000,000. *Id.* at ¶¶ 39-40.

22.     In the State Court Complaint, Defendants allege that Mr. Henderson breached his
fiduciary duties to Point Blank and its shareholders by "failing to cause [Point Blank] to undergo
financial audits over the past two years and to make its required public filings as a registered
company under the federal securities laws." *Id.* at ¶ 1. Defendants also challenge the decision to
de-register Point Blank as a public company, which as discussed above was authorized by this
Court pursuant to the SEC Order. *Id.* at ¶¶ 24-26. Moreover, Defendants challenge Point
Blank's proposed Plan, alleging that the failure to cause Point Blank to make its required SEC
filings since 2009 and the decision to de-register Point Blank are "part of an ongoing plan to
leave [Point Blank] with no alternative but to accept a proposed 'going private' acquisition" of
Point Blank. *Id.* at ¶¶ 2, 4, 28-29. Finally, Defendants allege that the "shareholders' realization
that [Point Blank] is pursuing the path of de-registration ... has already depressed the value of
[Point Blank's] stock price ..." *Id.* at ¶ 37.

## Nature of Relief Requested

23.     By this Complaint, Point Blank seeks a declaratory judgment that (a) the claims
asserted in the State Court Action, to the extent such claims may be stated at all, are derivative
claims that are property of Point Blank's estate and (b) the State Court Action is stayed in its
entirety under 11 U.S.C. § 362(a) until further order of this Court. Point Blank also seeks
preliminary and permanent injunctive relief pursuant to 11 U.S.C. § 105(a) enjoining prosecution

-13-

of the State Court Action until further order of the Court. Finally, Point Blank seeks compensatory and punitive damages for Defendants' willful violation of the automatic stay pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 362(k).

### First Claim for Relief
**(Declaratory Judgment – 11 U.S.C. § 362(a) and 28 U.S.C. § 2201)**

24. Point Blank hereby realleges and incorporates each of the above paragraphs as though fully set forth herein.

25. In the State Court Complaint, Defendants allege that Mr. Henderson breached his fiduciary duties to Point Blank and its shareholders by "failing to cause [Point Blank] to undergo financial audits over the past two years and to make its required public filings as a registered company under the federal securities laws." State Court Complaint ¶ 1. Defendants also challenge the decision to de-register Point Blank as a public company, which was authorized by this Court pursuant to the SEC Order. *Id.* at ¶¶ 24-26. Moreover, Defendants challenge Point Blank's proposed Plan, alleging that Point Blank's failure to make its required SEC filings since 2009 and Point Blank's subsequent de-registration are "part of an ongoing plan to leave [Point Blank] with no alternative but to accept a proposed 'going private' acquisition" of Point Blank. *Id.* at ¶¶ 2, 4, 28-29. Finally, Defendants allege that the "shareholders' realization that [Point Blank] is pursuing the path of de-registration ... has already depressed the value of [Point Blank's] stock price ..." *Id.* at ¶ 37.

26. The State Court Action violates the automatic stay under 11 U.S.C. § 362(a)(1). Under 11 U.S.C. § 362(a)(1), Point Blank's bankruptcy petition operates as a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial ...

-14-

action or proceeding against [Point Blank] that was or could have been commenced before" the Petition Date or "to recover a claim against [Point Blank] that arose before" the Petition Date. In the State Court Action, Defendants allege that Point Blank's failure to undergo financial audits and make its SEC filings began in 2009 (*i.e.,* prior to the Petition Date) and was part of an "ongoing plan" to accomplish a "going private" acquisition of Point Blank. *Id.* at ¶¶ 1-2, 4. Although Point Blank is not named as a defendant in the State Court Action, the automatic stay under 11 U.S.C. § 362(a)(1) extends to the State Court Action because (a) Point Blank is the real party defendant in the State Court Action, (b) an "identity of interest" exists between Point Blank and Mr. Henderson and (c) stay protection is essential to Point Blank's reorganization efforts.

      a.    Point Blank is the real party defendant in the State Court Action because a judgment against Mr. Henderson will in effect be a judgment or finding against Point Blank. In particular, the State Court Action seeks a "do-over" of this Court's SEC Order and is an objection to Point Blank's proposed Plan that should be raised in this Court during the plan confirmation process.

      b.    An "identity of interest" exists between Point Blank and Mr. Henderson for the following reasons: Point Blank will be exposed to significant collateral estoppel risks unless Point Blank vigorously monitors and intervenes where necessary in the State Court Action (because the State Court Action alleges that Mr. Henderson acted in his capacity as an officer and director of Point Blank); and Mr. Henderson has indemnification and advancement rights against Point Blank that may be implicated in the State Court Action.

c.    The automatic stay also extends to the State Court Action because stay protection is essential to Point Blank's pursuit of a successful reorganization. Mr. Henderson plays a pivotal role in the operation and management of Point Blank's business, and is heavily involved in Point Blank's bankruptcy case (including Point Blank's efforts to develop an amended Plan and to obtain exit financing to support the Plan). Mr. Henderson's undivided attention thus is crucial to Point Blank's reorganization. Prosecution of the State Court Action would burden Mr. Henderson and thereby detract from his ability to assist Point Blank's reorganization efforts.

27.    The State Court Action also is barred by the automatic stay pursuant to 11 U.S.C. § 362(a)(3). Defendants cannot prevail on the claims alleged in the State Court Complaint without showing an injury to Point Blank. As a result, the claims alleged in the State Court Complaint are derivative claims that are property of Point Blank's bankruptcy estate. Point Blank, as a debtor in possession, has exclusive standing to assert the derivative claims. Continued prosecution of the derivate claims by Defendants in the State Court Action would constitute a violation of the automatic stay under 11 U.S.C. § 362(a)(3).

28.    Accordingly, Point Blank seeks a declaration from this Court that (a) the claims asserted by Defendants in the State Court Action, to the extent such claims may be stated at all, are derivative claims that are property of Point Blank's bankruptcy estate and (b) the State Court Action is stayed in its entirety pursuant to 11 U.S.C. § 362(a) until further order of this Court.

DOCS_LA:235516.4

## Second Claim for Relief
### (Injunctive Relief – 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065)

29.     Point Blank hereby realleges and incorporates each of the above paragraphs as though fully set forth herein.

30.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Preliminary and permanent injunctive relief pursuant to 11 U.S.C. § 105(a) is warranted in this case because further prosecution of the State Court Action will directly affect Point Blank, its assets and its ability to pursue a successful plan of reorganization.

31.     Point Blank will suffer irreparable harm if the State Court Action against Mr. Henderson is not enjoined because:

a.      Defendants seek relief in the State Court Action – namely, a judgment that the decision to de-register Point Blank constituted a breach of Mr. Henderson's fiduciary duty to Point Blank and its shareholders – that would be in direct conflict with this Court's prior order authorizing Point Blank's de-registration.

b.      By the State Court Complaint, Defendants essentially seek a judgment from the New York State Court that Point Blank's proposed Plan cannot be confirmed. Permitting the State Court Action to proceed will allow Defendants to circumvent the plan confirmation process and will impede Point Blank's reorganization.

c.      Further prosecution of the State Court Action will burden Mr. Henderson and thereby detract from his ability to assist Point Blank in its reorganization efforts, including its current efforts to develop an amended Plan and to obtain exit financing to

-17-

support the Plan. Thus, unless the State Court Action against Mr. Henderson is enjoined, Point Blank's ability to pursue a successful reorganization will be impaired.

d.     If the State Court Action is not enjoined, Point Blank will be forced to analyze, investigate and potentially litigate the State Court Action in order to protect its interests in the derivative claims. Moreover, Point Blank will be exposed to significant collateral estoppel risks in the State Court Action, which will require Point Blank to defend the State Court Action as fully as if Point Blank were a named defendant. Requiring Point Blank to defend its interests in the State Court Action will divert Point Blank's already limited resources to the State Court Action, and thus will impair Point Blank's reorganization efforts.

e.     Mr. Henderson's indemnification and advancement rights against Point Blank may be implicated in the State Court Action. Even if the Primary Policy provides coverage in the State Court Action, such coverage may be subject to a $500,000 retention (given that Point Blank is the real party defendant in the State Court Action). Thus, Point Blank's indemnification and advancement obligations to Mr. Henderson would be a significant drain on Point Blank's already limited resources and a further impediment to Point Blank's reorganization.

32.     The likelihood of irreparable harm to Point Blank and its bankruptcy estate in the absence of an injunction far outweighs any conceivable harm to Defendants should the State Court Action be enjoined until further order of this Court.

-18-

33.     Granting the requested preliminary and permanent injunctive relief will be in the public interest as it will further Point Blank's successful reorganization by minimizing distractions and preserving the resources and other assets of Point Blank's bankruptcy estate.

34.     Thus, injunctive relief enjoining Defendants from prosecuting the State Court Action against Mr. Henderson is both necessary and appropriate under section 105(a) of the Bankruptcy Code. Accordingly, Point Blank seeks entry of an order enjoining further prosecution of the State Court Action until further order of this Court.

### Third Claim for Relief
### (Willful Violation of Automatic Stay – 11 U.S.C. §§ 105(a) and 362)

35.     Point Blank hereby realleges and incorporates each of the above paragraphs as though fully set forth herein.

36.     Defendants violated the automatic stay of 11 U.S.C. § 362(a)(1) by filing the State Court Action because, among other reasons, Point Blank is the real party defendant in the State Court Action. The State Court Action seeks a judgment against Mr. Henderson that, in effect, would be a judgment or finding against Point Blank in that: (a) Defendants seek a judgment from the New York State Court that the decision to de-register Point Blank constituted a breach of Mr. Henderson's fiduciary duty to Point Blank and its shareholders, which would directly conflict with this Court's SEC Order; and (b) Defendants seek a judgment from the New York State Court that Point Blank's proposed Plan cannot be confirmed.

37.     Defendants also violated the automatic stay of 11 U.S.C. § 362(a)(3) by filing the State Court Action because the claims asserted in the State Court Action are, to the extent such claims may be stated, derivative claims that are property of Point Blank's bankruptcy estate.

38.     As a result of Defendants' violations of the automatic stay, Point Blank is entitled to actual damages in an amount to be determined at trial.

39.     Defendants filed the State Court Action with full knowledge of Point Blank's bankruptcy case and, in fact, the State Court Action is an attempt to circumvent Point Blank's bankruptcy proceedings.  By naming Mr. Henderson as a defendant rather than Point Blank, and by attempting to recast the derivative claims as direct claims, Defendants have willfully violated the automatic stay.

40.     Accordingly, Defendants' actions constitute "appropriate circumstances" for the imposition of punitive damages and sanctions against Defendants under 11 U.S.C. §§ 105(a) and 362(k), and Point Blank is entitled to recover punitive damages from Defendants in an amount and manner to be determined by this Court.

WHEREFORE, Point Blank requests entry of judgment against Defendants as follows:

    a.     For a determination and judgment on the First Claim for Relief declaring that (i) the claims asserted against Mr. Henderson in the State Court Action, to the extent such claims may be stated, are derivative claims that are property of Point Blank's bankruptcy estate and (ii) the automatic stay under 11 U.S.C. § 362(a) operates to stay the State Court Action in its entirety until further order of this Court;

    b.     For a determination and judgment on the Second Claim for Relief that Point Blank is entitled to a preliminary and permanent injunction under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065 enjoining further prosecution of the State Court Action until further order of this Court;

-20-

c.     For a determination and judgment on the Third Claim for Relief that Point

Blank is entitled to compensatory and punitive damages for Defendants'

willful violation of the automatic stay pursuant to 11 U.S.C. §§ 105(a) and

362, in an amount and manner to be determined by this Court;

d.     For costs of suit and other expenses incurred in this action; and

e.     For such other and further relief as the Court deems just and proper.


Dated: April 8, 2011

PACHULSKI STANG ZIEHL & JONES LLP

Curtis A. Hehn

Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
David Bertenthal (CA Bar No. 167624)
Curtis A. Hehn (Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Email: ljones@pszjlaw.com
       akornfeld@pszjlaw.com
       dbertenthal@pszjlaw.com
       chehn@pszjlaw.com
       tcairns@pszjlaw.com

Counsel to Plaintiff Point Blank Solutions Inc.

DOCS_LA:235516.4

# VERIFICATION

I have read the foregoing **VERIFIED COMPLAINT FOR (I) PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, (II) DECLARATORY RELIEF EXTENDING THE AUTOMATIC STAY AND (III) DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY** and know its contents.

☐      I am a party to this action. The matters stated in the foregoing document(s) are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒      I am the Chief Restructuring Officer of Debtor Point Blank Solutions Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing document. I am informed and believe and on that ground allege that the matters stated in it are true.

☐      I am one of the attorneys of record for Debtor Point Blank Solutions Inc., a party to this action. Such party is absent from the county in which I have my office, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document(s). I am informed and believe and on that ground allege that the matters stated in it are true.

I certify and declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 8 , 2011

T. Scott Avila
Chief Restructuring Officer
Point Blank Solutions Inc.