IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| POINT BLANK SOLUTIONS INC., *et al.*,[1] ) | Case No. 10-11255 (PJW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| POINT BLANK SOLUTIONS INC., ) | Adv. Proc. No. 11-51759 (PJW) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFREY R. BROOKS INDIVIDUAL ) | |
| RETIREMENT ACCOUNT; JEFFREY R. ) | |
| BROOKS, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1. Point Blank Solutions Inc. ("Point Blank" or "Plaintiff"), a debtor and debtor in possession in the above-captioned chapter 11 cases and the plaintiff in the above-captioned adversary proceeding, hereby brings this motion (the "Motion") pursuant to 11 U.S.C. § 105(a), 11 U.S.C. § 362(a), Fed. R. Bankr. P. 7001(7) and Fed. R. Bankr. P. 7065 for a preliminary injunction that shall remain in effect until further order of this Court, and that maintains the status quo by:

---

[1] Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and their respective addresses, are: Point Blank Solutions Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

a. Preliminarily enjoining Defendants Jeffrey R. Brooks Individual Retirement Account ("Brooks Retirement Account") and Jeffrey R. Brooks ("Brooks") under 11 U.S.C. § 105(a) from continuing to prosecute a lawsuit captioned *Jeffrey R. Brooks Individual Retirement Account v. James R. Henderson*, Index No. 650781/2011, that Defendants filed in the Supreme Court of the State of New York, County of New York (the "State Court Action") against James R. Henderson, Point Blank's current Chief Executive Officer and current Chairman of Point Blank's Board of Directors; and

b. Prohibiting Defendants, and any person or entity acting on their behalf, either directly or indirectly, from taking any action in violation of the automatic stay imposed by 11 U.S.C. § 362(a), including any efforts to prosecute the State Court Action against Mr. Henderson.[2]

2. Point Blank seeks this injunctive relief under 11 U.S.C. § 105(a), 11 U.S.C. § 362(a) and Fed. R. Bankr. P. 7065 because, among other reasons, prosecution of the State Court Action against Mr. Henderson is the equivalent of prosecution of the State Court Action against Point Blank. In the State Court Complaint, Defendants – one of whom is the brother of convicted felon David H. Brooks, Point Blank's former Chief Executive Officer and former Chairman of Point Blank's Board of Directors – seek compensatory and punitive damages of not less than $7,000,000 based on allegations that Mr. Henderson breached his fiduciary duties to

---

[2] A copy of the complaint filed in the State Court Action (the "State Court Complaint") was attached as Exhibit 1 to Point Blank's *Verified Complaint for (I) Preliminary and Permanent Injunctive Relief, (II) Declaratory Relief Extending the Automatic Stay and (III) Damages for Willful Violation of the Automatic Stay* [D.I. 1] (the "Verified Complaint"), which commenced the instant adversary proceeding. As set forth in the Verified Complaint, Defendant Brooks Retirement Account is the only plaintiff named in the caption of the State Court Complaint, but the State Court Complaint also identifies Defendant Brooks as a plaintiff. *See* State Court Complaint ¶ 16 (identifying the "Plaintiff" as the brother of David H. Brooks).

Point Blank and its shareholders. In particular, Defendants allege that Mr. Henderson breached his fiduciary duties to Point Blank and its shareholders by "failing to cause [Point Blank] to undergo financial audits over the past two years and to make its required public filings as a registered company under the federal securities laws." State Court Complaint ¶ 1. Defendants also challenge the decision made by Point Blank's management to de-register Point Blank as a public company, a decision that was authorized by this Court in connection with Point Blank's recent settlement with the Securities and Exchange Commission (the "SEC"). *Id.* at ¶¶ 24-26. Finally, Defendants challenge Point Blank's proposed plan of reorganization (the "Plan"), alleging that the failure to cause Point Blank to make its required SEC filings since 2009 and the decision to de-register Point Blank are "part of an ongoing plan to leave [Point Blank] with no alternative but to accept a proposed 'going private' acquisition" of Point Blank. *Id.* at ¶¶ 2, 4, 28-29.

3. If the State Court Action had been filed directly against Point Blank, the State Court Action would have violated the plain language of 11 U.S.C. § 362(a)(1). Defendants allege that Point Blank's failure to undergo financial audits and make its SEC filings began in 2009 (*i.e.*, prior to the filing of Point Blank's bankruptcy petition on April 14, 2010) and was part of an "ongoing plan" to accomplish a "going private" acquisition of Point Blank. State Court Complaint ¶¶ 1-2, 4. Although Point Blank is not named as a defendant in the State Court Action, the automatic stay under 11 U.S.C. § 362(a)(1) extends to the State Court Action for the following reasons:

    a. Point Blank is the real party defendant in the State Court Action. In the State Court Action, Defendants seek relief – namely, a judgment that de-registration

-3-

constituted a breach of Mr. Henderson's fiduciary duty to Point Blank and its shareholders – that would be in direct conflict with this Court's prior order authorizing de-registration. Defendants also essentially seek a judgment in the State Court Action that Point Blank's proposed Plan cannot be confirmed. As a result, a judgment against Mr. Henderson in the State Court Action would in effect be a judgment or finding against Point Blank.

        b.      An "identity of interest" exists between Point Blank and Mr. Henderson, such that prosecution of the State Court Action will directly affect Point Blank, its assets and its ability to pursue a successful plan of reorganization. An "identity of interest" exists between Point Blank and Mr. Henderson because: (i) the State Court Action alleges that Mr. Henderson acted in his capacity as an officer and director of Point Blank and, as a result, Point Blank will be exposed to significant collateral estoppel risks unless Point Blank vigorously monitors and intervenes where necessary in the State Court Action; and (ii) Mr. Henderson has indemnification and advancement rights against Point Blank pursuant to Point Blank's certificate of incorporation and Point Blank's bylaws, which may be implicated in the State Court Action.

        c.      Extension of the automatic stay to the State Court Action is essential to Point Blank's reorganization. Mr. Henderson plays a pivotal role in the operation and management of Point Blank's business, and is heavily involved in Point Blank's bankruptcy case. Prosecution of the State Court Action would burden Mr. Henderson and therefore would detract from his ability to assist Point Blank in its pursuit of a successful reorganization. A distraction for Mr. Henderson would be particularly

-4-

DOCS_LA:235874.1

harmful to Point Blank at this stage of Point Blank's bankruptcy proceedings, because Mr. Henderson's undivided attention is critical to Point Blank's current efforts to develop an amended Plan and to obtain exit financing to support the Plan.

4. Point Blank also seeks injunctive relief under 11 U.S.C. § 105(a), 11 U.S.C. § 362(a) and Fed. R. Bankr. P. 7065 because the State Court Action is an attempt to exercise control over property of Point Blank's estate. The claims asserted in the State Court Action are derivative claims that are property of Point Blank's bankruptcy estate. Permitting the State Court Action to proceed would violate the automatic stay of 11 U.S.C. § 362(a)(3) by allowing Defendants to improperly prosecute derivative claims that belong to Point Blank and that Defendants have no standing to pursue.

5. Finally, Point Blank seeks injunctive relief pursuant to 11 U.S.C. § 105(a) because continued prosecution of the State Court Action would pose a serious threat to Point Blank's reorganization efforts. In particular, Point Blank and its bankruptcy estate will suffer irreparable harm if the State Court Action is not enjoined because:

    a. Defendants seek relief in the State Court Action that would be in direct conflict with this Court's prior order authorizing Point Blank's de-registration and would permit Defendants to circumvent the plan confirmation process in this Court.

    b. Point Blank's pursuit of a successful reorganization will be impaired because the State Court Action will burden Mr. Henderson and therefore detract from his ability to assist Point Blank in, among other things, its efforts to develop an amended Plan and to obtain exit financing to support the Plan.

c. Point Blank will be forced to analyze, investigate and potentially litigate the State Court Action in order to (i) protect its interests in the derivative claims and (ii) protect against the risk that Point Blank could be collaterally estopped in subsequent litigation from relitigating issues determined against Mr. Henderson in the State Court Action. Continued prosecution of the State Court Action thus will require Point Blank to do precisely what the automatic stay is intended to excuse it from doing. Moreover, the allocation of Point Blank's financial and human resources – including the time and attention of Point Blank's key personnel (including Mr. Henderson) and Point Blank's bankruptcy counsel – to the State Court Action would impair Point Blank's ability to pursue a successful plan of reorganization.

d. Point Blank's indemnification and advancement obligations to Mr. Henderson in connection with the State Court Action would be a drain on Point Blank's already limited resources and thus a further impediment to Point Blank's reorganization efforts.

6. Thus, permitting the State Court Action to continue would directly affect Point Blank, its assets and its ability to pursue a successful plan of reorganization, and would allow Defendants to complete an "end around" the protections afforded to Point Blank by the automatic stay. As a result, the injunctive relief and extension of the automatic stay requested in the Motion is both necessary and appropriate under 11 U.S.C. § 105(a) and 11 U.S.C. § 362(a).

7. This Motion is based on *Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction*, filed concurrently herewith, all evidence to be presented at

the hearing(s) on the Motion and all matters of record in the above-captioned adversary proceeding and the above-captioned bankruptcy cases.

Dated: April 8, 2011                PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Curtis A. Hehn*
Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
David Bertenthal (CA Bar No. 167624)
Curtis A. Hehn (Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Email: ljones@pszjlaw.com
akornfeld@pszjlaw.com
dbertenthal@pszjlaw.com
chehn@pszjlaw.com
tcairns@pszjlaw.com

Counsel to Plaintiff Point Blank Solutions Inc.