IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| POINT BLANK SOLUTIONS INC., *et al.*,[1] | ) Case No. 10-11255 (PJW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| POINT BLANK SOLUTIONS INC., | ) Adv. Proc. No. 11-51759 (PJW) |
| | ) |
| Plaintiff, | ) Related to Adv. Proc. Docket No. 3 |
| | ) |
| v. | ) |
| | ) |
| JEFFREY R. BROOKS INDIVIDUAL RETIREMENT ACCOUNT; JEFFREY R. BROOKS, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S EMERGENCY MOTION TO FIX A HEARING DATE AND SHORTEN NOTICE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Point Blank Solutions Inc., a debtor and debtor in possession in the above-captioned chapter 11 cases and the plaintiff in the above-captioned adversary proceeding ("Point Blank"), hereby moves this Court (the "Motion to Shorten") for an order fixing a hearing date, fixing a deadline for objections and other responses and shortening, by four days, the notice period for

---

[1] Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and their respective addresses, are: Point Blank Solutions Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

*Plaintiff's Motion for Preliminary Injunction* [D.I. 3] (the "Motion for Injunction").[2] In support of this Motion to Shorten, Point Blank respectfully states as follows:

1. The Motion for Injunction was filed on April 8, 2011. Point Blank's counsel is serving the Motion for Injunction by hand delivery or overnight carrier on the following: (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to the Official Committee of Equity Security Holders; and (d) counsel to defendants Jeffrey R. Brooks Individual Retirement Account and Jeffrey R. Brooks (collectively, "Defendants"). Point Blank's counsel also is serving the Motion for Injunction by hand delivery or first class mail on all other parties in interest. Finally, Point Blank's counsel is providing a courtesy copy of the Motion for Injunction via email on April 8, 2011 to: (a) counsel to the Official Committee of Unsecured Creditors; (b) counsel to the Official Committee of Equity Security Holders; and (c) counsel to Defendants.

2. By the Motion for Injunction, Point Blank seeks injunctive relief and an extension of the automatic stay to the State Court Action that Defendants filed against James R. Henderson, Point Blank's current Chief Executive Officer and current Chairman of Point Blank's Board of Directors, on March 23, 2011. As set forth in the Motion for Injunction, Point Blank seeks to enjoin and stay the State Court Action until further order of this Court because, among other reasons: (a) prosecution of the State Court Action against Mr. Henderson is the equivalent of prosecution of the State Court Action against Point Blank; (b) by filing the State Court Action, Defendants are attempting to improperly prosecute derivative claims that are

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion for Injunction and in *Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction*.

property of Point Blank's bankruptcy estate and that Defendants have no standing to pursue; and (c) continued prosecution of the State Court Action will irreparably harm Point Blank, its assets and its ability to pursue a successful reorganization.

3.      Point Blank brings this Motion to Shorten because Defendants may contend that Mr. Henderson (and thus, Point Blank, who is the real party defendant in the State Court Action) is required to answer or otherwise respond to the State Court Complaint by as early as April 22, 2011. The need to stay the State Court Action at this time is critical. As discussed in detail in the Motion for Injunction, the prosecution of the State Court Action will irreparably harm Point Blank and its bankruptcy estate because:

    a.      Defendants seek relief in the State Court Action that would be in direct conflict with this Court's prior order approving Point Blank's settlement with the Securities and Exchange Commission, and would permit Defendants to circumvent the plan confirmation process in this Court.

    b.      Point Blank's pursuit of a successful reorganization will be impaired because the State Court Action will burden Mr. Henderson and therefore detract from his ability to assist Point Blank in, among other things, its efforts to develop an amended Plan and to obtain exit financing to support the Plan.

    c.      Point Blank will be forced to analyze, investigate and potentially litigate the State Court Action in order to (i) protect its interests in the derivative claims and (ii) protect against the risk that Point Blank could be collaterally estopped in subsequent litigation from relitigating issues determined against Mr. Henderson in the State Court Action.

d. Point Blank's indemnification and advancement obligations to Mr. Henderson in connection with the State Court Action would be a drain on Point Blank's already limited resources and thus a further impediment to Point Blank's reorganization efforts.

4. By this Motion to Shorten, Point Blank seeks an order from this Court (a) approving the notice procedure described herein, (b) fixing the hearing on the Motion for Injunction for **April 21, 2011 at 9:30 a.m. prevailing Eastern time** and (c) requiring that objections and responses, if any, to the Motion for Injunction must be filed with the Court and served by **April 19, 2011 at 4:00 p.m. prevailing Eastern time**.

5. Del. Bankr. L.R. 9006-1(c)(i) contemplates fourteen days notice of a hearing and seventeen days notice of a hearing if a motion is served by mail. The Motion for Injunction is being served (with courtesy copies provided via email) on April 8, 2011 by hand delivery, overnight carrier or first class mail on all parties in interest. Point Blank also intends to serve this Motion to Shorten on April 8, 2011 in the same manner. Under the notice procedure described herein, Defendants will have thirteen days' notice of the hearing on the Motion for Injunction and eleven days in which to respond to the Motion for Injunction. Insofar as the proposed objection deadline provides potential respondents with sufficient time to respond, any possible prejudice is minimal, at best.

6. Point Blank also proposes to serve by hand delivery, overnight carrier, facsimile and/or email any order entered by the Court on this Motion to Shorten, within one business day after entry of such order, on the following: (a) the Office of the United States Trustee; (b)

counsel to the Official Committee of Unsecured Creditors; (c) counsel to the Official Committee of Equity Security Holders; and (d) counsel to Defendants.

7. Given the nature of the relief requested in the Motion for Injunction, Point Blank respectfully submits that the notice procedure described above is sufficient to provide all parties in interest with an opportunity to review and, if necessary, respond to the Motion for Injunction. Accordingly, under the circumstances, Point Blank submits that shortening the time for notice on the Motion for Injunction in accordance with the foregoing will not prejudice the rights of any party in interest.

WHEREFORE, Point Blank respectfully requests the entry of an order shortening notice, fixing deadlines for objecting or otherwise responding to the Motion for Injunction and scheduling a hearing on the Motion for Injunction as requested above.

Dated: April 8, 2011

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Curtis A. Hehn_
Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
David Bertenthal (CA Bar No. 167624)
Curtis A. Hehn (Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Email: ljones@pszjlaw.com
akornfeld@pszjlaw.com
dbertenthal@pszjlaw.com
chehn@pszjlaw.com
tcairns@pszjlaw.com

Counsel to Plaintiff Point Blank Solutions Inc.